UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS LEMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 C 1820 |
| v. | ) |
| | ) Hon. Robert W. Gettleman |
| JOHN HALEAS, PAUL MEAGHER, | ) |
| and UNNAMED CHICAGO | ) |
| POLICE OFFICER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state prisoner, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants, Chicago police officers, violated his constitutional rights by falsely charging him with (and manufacturing evidence concerning) traffic offenses in 2006. This matter is before the court for ruling on defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is granted.

It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state only his basic legal claim and provide "some indication . . . of time and place."

Thompson v. Washington, 362 F.3d 969, 971 (7th Cir. 2004). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a claim will not do. Bell Atlantic Corp., 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. Bell Atlantic Corp., 550 U.S. at 563, citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atlantic Corp., 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. Id. at 555. Further, a plaintiff can plead himself out of court by pleading facts that undermine the allegations in the complaint. See, e.g., Whitlock v. Brown, 596 F.3d 406, 412 (7th Cir. 2010) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.") (citations omitted).

## FACTS

Plaintiff is a state prisoner currently serving an eight-year sentence for aggravated kidnaping and multiple counts of aggravated criminal sexual assault. Those convictions, however, are not a subject of this lawsuit. Rather, plaintiff's claims arise from a prior prosecution and conviction for driving under the influence on a revoked license. Defendants, Paul Meagher, John Haleas, and an unnamed "Shift Commander," are Chicago police officers.

2

Plaintiff alleges the following facts, which will be accepted as true for purposes of this motion. On an unspecified date,[1] plaintiff's brother was driving a car in which plaintiff was a passenger. Defendant Meagher and another, unknown, officer stopped the car and cited plaintiff for various traffic violations. Although plaintiff was neither drunk nor driving the car, he was falsely charged with—and ultimately convicted of—driving under the influence on a revoked license.

At some point during plaintiff's criminal prosecution, he learned from his attorney during a hearing that there was an investigation into alleged misconduct on the part of defendant Haleas, who apparently served as a "Breathalyzer Technician" as well as a police officer. Due to the investigation into Haleas's lab work, a charge that plaintiff had refused to blow into a Breathalyzer was "automatically" dismissed. (In the alternative, the results of the Breathalyzer test were excluded from evidence—the complaint is unclear on this point.) A jury nevertheless convicted plaintiff of the "bogus" DUI charge. Plaintiff was sentenced to two years and six months' imprisonment.

## **DISCUSSION**

Even accepting plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law. Any claim relating to plaintiff's 2005 or 2006 arrest is time-barred. In addition, plaintiff has alleged no injury stemming from the dismissed or excluded Breathalyzer charge or report. Allowing plaintiff to amend would be futile; even if

---

[1]The complaint, the Illinois Department of Corrections website, and public records attached to defendants' motion to dismiss refer to a conviction for driving under the influence on a suspended or revoked license in relation to a 2006 criminal case. The IDOC website further reflects a custody date of November 7, 2005.

plaintiff could state facts alleging evidence tampering or a Brady violation, Younger abstention concerns and the Heck doctrine would bar those claims.

Noting that plaintiff's criminal case is still on appeal, defendants move for dismissal based on the ground that the court should not interfere in ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); see also Simpson v. Rowan, 73 F.3d 134, 138-39 (7th Cir. 1995). In the alternative, defendants seek dismissal on the ground that a collateral attack on a conviction is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate the conviction or sentence has already been invalidated."). But because the complaint fails to state a tenable claim, a stay or dismissal under Younger or Heck is not required.

**I. Plaintiff's False Arrest Claim**

Plaintiff's false arrest claim against defendant Meagher is time-barred. In Illinois, the statute of limitations for § 1983 actions is two years. See, e.g., Dominguez v. Hendley, 545 F.3d 585, 588 (7th Cir. 2008); 735 Ill. Comp. Stat. 5/13-202. Illinois law does not toll the statute of limitations for prisoners. Schweihs v. Burdick, 96 F.3d 917, 919 (7th Cir. 1996); Turner-El v. Davis, No. 10 C 5188, 2010 WL 3526379, at *1, n.1 (N.D. Ill. Aug. 30, 2010). Here, plaintiff is challenging an arrest that occurred in 2005 or 2006, but he waited until 2010 to bring suit. The statute of limitations has therefore extinguished any potential claim.

It is irrelevant that defendants have moved for dismissal only on Younger abstention and Heck grounds. Expiration of a statute of limitations is an affirmative defense, but "when

4

the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait . . . before dismissing the suit." Walker v. Thompson, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

Nor can plaintiff reasonably argue that he did not discover his injury until after he learned that there was an internal affairs investigation into defendant Haleas's actions. A false arrest claim accrues on the day of arrest. Wallace v. City of Chicago, 440 F.3d 421, 427 (7th Cir. 2006). This case does not fall into one of the "relatively uncommon set of cases" where there was an independent reason for waiting until after the criminal conviction has been set aside so as to avoid inconsistent rulings. Id. Plaintiff knew when he was arrested that he was neither driving nor intoxicated; his subsequent discovery that Haleas was suspected to have engaged in widespread Breathalyzer fraud had no bearing on the legality of the arrest itself. Because plaintiff waited at least four years after his arrest to file suit, his false arrest claim is untimely.

Because plaintiff has no viable claim against his arresting officer(s), he has no cause of action against "the Chicago police district shift commander, John or Jane Doe, who was in charge over the police officer defendants who falsely arrested the plaintiff." (Complaint, p. 4.) Plaintiff cannot successfully sue the arresting officers' supervisor because his claim against the officers themselves is time-barred.

Moreover, the shift commander is sued solely on the basis of his supervisory position; plaintiff baldly asserts that the shift commander "is liable for the actions of his assigned police officer's misconduct while under his/her commandment." (Complaint, pp. 4-5.) Plaintiff is mistaken. The doctrine of respondeat superior does not apply to § 1983 actions. See Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). Without alleging the shift commander's

direct, personal involvement, plaintiff cannot hold him liable. J.H. ex rel. Higgin v. Johnson, 346 F.3d 788, 793 (7th Cir. 2003). "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." Pepper v. Village of Oak Park, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Put another way, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). Thus, aside from timeliness, because plaintiff has failed to allege that the shift commander was personally involved in—or even aware of—the alleged circumstances giving rise to his false arrest claim, that defendant is entitled to dismissal as a matter of law.

## II. Plaintiff's False Evidence Claim

Plaintiff has pled himself out of court by stating that either Breathalyzer-related charges were "automatically" dismissed or the Breathalyzer lab results were excluded from evidence. Even assuming that defendant Haleas falsified Breathalyzer evidence in this particular case, plaintiff has alleged no injury.

In Newsome v. McCabe, 256 F.3d 747, 752 (7th Cir. 2001), the Seventh Circuit held that due process claims against the police alleging the withholding of evidence should be analyzed under the framework set forth in Brady v. Maryland, 373 U.S. 83 (1963). Although it is most commonly viewed as a prosecutor's duty to disclose to the defense, the duty implicated in Brady extends to the police and requires that they similarly turn over exculpatory or impeaching evidence to the prosecutor, thereby triggering the prosecutor's disclosure obligation. See, e.g., Youngblood v. West Virginia, 547 U.S. 867, 869-70 (2006) ("Brady suppression occurs when the government fails to turn over even evidence that is known only to

police investigators and not to the prosecutor.") (citations omitted); see also Phillips v. Allen, __ F.Supp.2d __, No. 07 C 0666, 2010 WL 3861049, at *12 (N.D. Ill. Sept. 28, 2010).

To state the elements of a Brady-type due process claim, a plaintiff must allege that: (1) the evidence at issue was favorable to him, either because it was exculpatory or impeaching; (2) the government, either willfully or inadvertently, suppressed the evidence; and (3) there is a reasonable probability that prejudice ensued—in other words, "materiality." Parish v. City of Chicago, 594 F.3d 551, 554 (7th Cir. 2009), citing Carvajal v. Dominguez, 542 F.3d 561, 566-67 (7th Cir. 2008).

Evidence is "suppressed" for Brady purposes when, (1) the prosecution failed to disclose the evidence in time for the defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. United States v. O'Hara, 301 F.3d 563, 569 (7th Cir. 2002), citing Boss v. Pierce, 263 F.3d 734, 740 (7th Cir. 2001). "Brady does not extend so far as to provide relief in a situation where a police officer makes a false statement to a prosecutor." Carvajal, 542 F.3d at 567, citing Harris v. Kuba, 486 F.3d 1010, 1017 (7th Cir. 2007).

Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Carvajal, 542 F.3d at 567, quoting Strickler v. Greene, 527 U.S. 263, 280 (1999). When determining whether a reasonable probability of prejudice exists, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 514 U.S. 419, 434 (1995). Although the court of appeals has expressed doubts about whether a § 1983 plaintiff who has been acquitted at his criminal trial

can ever establish prejudice, the Seventh Circuit has analyzed potential claims to determine if the suppressed evidence would have altered the decision to go to trial. See Carvajal, 542 F.3d at 570; Bielanski v. County of Kane, 550 F.3d 632, 644-45 (7th Cir. 2008).

In the instant case, plaintiff has not stated facts showing that material evidence was withheld from him. Allegedly suppressed evidence uncovered in time for the defendant to make effective use of it at trial does not support a claim for a Brady violation, even if provided "late in the game or during trial." See, e.g., Bielanski, 550 F.3d at 645; Phillips, 2010 WL 3861049, at *13. Here, plaintiff specifically concedes that Breathalyzer-related charges and/or lab results were "automatically" dismissed or excluded from evidence. Plaintiff therefore took full advantage of the fact that Haleas was suspected of wrongdoing. Consequently, he cannot claim that Haleas's suspected misconduct adversely affected him.

To the extent that plaintiff is alleging that defendants violated his substantive due process rights by failing to disclose evidence to prosecutors, by falsifying evidence, and conspiring to frame him, he is merely "combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment, a practice that the Seventh Circuit has specifically and repeatedly denounced." Phillips, 2010 WL 3861049, at *11 (internal quotations omitted), quoting Brooks v. City of Chicago, 564 F.3d 830, 833 (7th Cir. 2009); McCann v. Mangialardi, 337 F.3d 782, 786 (7th Cir. 2003).

In short, plaintiff has failed to state facts tending to indicate that his defense was in any way hindered by Haleas's malfeasance. Quite the contrary, plaintiff acknowledges that he received the benefit of "automatic" dismissal of the fruits of Haleas's labors. Hence, plaintiff

8

has alleged no actual injury, whether or not Haleas falsified his police report or lab results relating to plaintiff's criminal case.

Finally, giving plaintiff the opportunity to amend his complaint to show injury would be futile. "The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." Gen. Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997) (citation and internal punctuation omitted); City of Livonia Employees' Ret. Sys. v. Boeing Co., No. 09 C 7143, 2010 WL 2836361, at *1 (N.D. Ill. Jun. 22, 2010). If plaintiff were able to articulate facts showing that the evidence against him was fabricated, then a finding in his favor would necessarily call into question the validity of his underlying conviction. As a result, Heck's rule against collaterally attacking a conviction by way of a civil rights action would apply. Until the sentence has been invalidated, the claim for damages simply "does not accrue." Heck, 512 U.S. at 490.

## **CONCLUSION**

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff having responded to the motion to dismiss, his motions for extensions of time are denied as moot. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to

appeal in forma pauperis should set forth the issues plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If plaintiff appeals, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. Evans v. Illinois Dep't of Corr., 150 F.3d 810, 812 (7th Cir. 1998). Further, if the appeal is found to be non-meritorious, plaintiff may also accumulate another "strike."

     IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. 24) the complaint for failure to state a claim is granted. The complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The case is terminated. Plaintiff's motions for extensions of time (Docs. 47 and 56) are denied as moot. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

**ENTER:**     **February 25, 2011**

_____
    **Robert W. Gettleman**
    **United States District Judge**